Court Cost Deposits — Probate — Condemnation — Unclaimed All unclaimed balances representing court cost deposits belonging to litigants will be transferred in accordance with 28 O.S. 106 [28-106] (1968), at the end of two years instead of the three years in the Unclaimed Property Act. Witness fees, juror fees and appraiser fees are not fees subject to neither the Unclaimed Property Act (60 O.S. 657 [60-657] (1968), et seq.) as "property held for the owner" nor "costs" under 28 O.S. 106 [28-106] (1968). Unclaimed money in probate and condemnation cases presumed abandoned under Section 657 and reported in accordance with Section 60 O.S. 661 [60-661] shall be paid to the Oklahoma Tax Commission in accordance with Section 60 O.S. 663 [60-663]. (All sections found in Title 60 O.S.Supp. 1968). The court clerk does not pay any balance in cost deposits to the Tax Commission at the end of the three years since at the end of two years he transfers such costs into the court fund in accordance with 28 O.S. 106 [28-106] (1968). The Attorney General has reconsidered Attorney General's Opinion No. 67-377 written in response to your request in light of statutes passed after those discussed in the said opinion. The first question asked in Opinion No. 67-377 was as follows: "Is it the duty of the court clerk to report and pay into the State Tax Commission all unclaimed balances representing court cost deposits belonging to the litigants and unclaimed by such litigants for more than three years?" Title 60 O.S. 657 [60-657] (1967), provides as follows: "All intangible personal property held for the owner by any court, public corporation, public authority, or public officer of the State, or a political subdivision thereof, that has remained unclaimed by the owner for more than three (3) years is presumed abandoned." Title 60 O.S. 661 [60-661] (1967), provides in pertinent part: ". . . (a) Every person holding funds or other property, tangible or intangible, presumed abandoned under this Act shall report to the Oklahoma Tax Commission with respect to the property as hereinafter provided. Here the statute sets out at length the procedure for reporting. . . ." Title 60 O.S. 663 [60-663] (1967), then provides: "Every person who has filed a report as provided by Section 661 shall within twenty (20) days after the time specified in Section 662 for claiming the property from the holder, or in the case of sums payable or travelers' checks or money orders presumed abandoned under Section 652 within twenty (20) days after the filing of the report pay or deliver to the Commission all abandoned property specified in the report after first deducting therefrom expenses incurred in the mailing of notices required by Section 661 (e). Any such person who, pursuant to a statutory requirement, filed a bond or bonds pertaining to such abandoned property with the Oklahoma Tax Commission may also deduct an amount equivalent to that part of the bond premium attributable to such abandoned property. Provided, however, that if the owner establishes his right to receive the abandoned property to the satisfaction of the holder within the time specified in Section 662, or if it appears that for some other reason the presumption of abandonment is erroneous, the holder need not pay or deliver the property, which will no longer be presumed abandoned, to the Commission, but in lieu thereof shall file a verified written explanation of the proof of claim or of the error in the presumption of abandonment." It should be noted that the above came into play after three years has elapsed. Title 28 O.S. 106 [28-106] (1967), which was adopted three days after the above statutes provides: "It shall be the duty of the clerk of the court or justice, receiving any costs belonging to any other person, to hold the same, subject to the order of the person entitled thereto, and to pay the same over on request; and if such fees shall not be called for within two (2) years after having been received, the officer shall pay the same into the county treasury, and take a receipt therefor, except the court clerk shall transfer such sums as are held by him into the court fund. The treasurer shall hold said sum or sums as are paid to him for the benefit of the owner for a period of one (1) year, and, if not claimed within the time, he shall apportion the amount thereof to the general fund of the county as other miscellaneous revenue." Insofar as "court costs" and "fees" are concerned it appears that 28 O.S. 106 [28-106] (1967), is controlling under the rule set out in State v. Evans, Okl., 319 P.2d 112, as follows: ". . . a special act dealing with a particular subject and therein prescribing and regulating the terms and conditions of the subject matter, such statutes prevail over general statutes not referring to the particular subject matter. Citations omitted" Therefore, it is the opinion of the Attorney General that your first question be answered in the negative, since said "costs" will be transferred in accordance with 28 O.S. 106 [28-106] (1967), at the end of the two years. The second question was: "Is it the duty of the court clerk to report and to pay to the Tax Commission all witness fees, juror fees and appraiser fees, where same has been unclaimed by the owner for a period of more than three years?" Title 60 O.S. 657 [60-657] (1967), et seq., set out above applies only to property held by a court (or other public agency or official) "for the owner." Witness fees, juror fees, and appraiser fees do not become a property of one claiming them for such services until a claim is made by him and approved at which time they are no longer held for him, but are paid to him. The fees are not segregated upon rendering of the services involved and held for the one rendering them, but only become his upon payment. Therefore, your second question is answered in the negative in that the said fees are not subject to the above statutes since the fees are not "property held for the owner," under 60 O.S. 657 [60-657] (1967), et seq., nor "costs" under 28 O.S. 106 [28-106] (1967). Your third and fourth questions which can be dealt with together were: "Should the court clerk report and pay to the Tax Commission all money in probate cases where there is unclaimed money, and in which there has been no activity for more than three years?" "Must the court clerk report and pay into the Tax Commission money paid into court in condemnation cases or other cases in which money judgments have been rendered and unclaimed for more than three years?" Since neither "fees" nor "costs" are involved herein, 60 O.S. 657 [60-657], 60 O.S. 661 [60-661] and 60 O.S. 663 [60-663] (1967) are controlling. Said Section 657 as set out above provides that all personal property held for the owner and unclaimed for more than three years is presumed abandoned. Said Section 661 then sets out that such property shall be reported to the Oklahoma Tax Commission and designates the procedure to be followed. Said Section 663 then provides for payment or delivery of such property to the Tax Commission. Therefore, your third and fourth questions are answered affirmatively, in that unclaimed money in probate and condemnation cases presumed abandoned under said Section 657 and reported in accordance with said Section 661 shall be paid to the Oklahoma Tax Commission in accordance with said Section 663. Your fifth question was: "Where the $2.00 accounting fee provided for in Section 6, Senate Bill 18, Chap. 122, page 190, Session Laws 1967, has not been charged annually and a balance has accumulated for a period of more than three years, must the court clerk report and pay same into the Tax Commission?" Title 28 O.S. 31 [28-31] (1967), provides in relevant part: "In any case which has been on file and pending without activity for a period of five years and in which there is on hand, unexpended, a balance of deposits for costs, there shall be a charge annually thereafter for accounting, to be deducted from any such balance, and to the extent available therefrom, an annual fee of $2.00." Later in the act appears 28 O.S. 106 [28-106] (1967), set out supra, which provides that "costs" and "fees" unclaimed within two years shall be paid into the county treasury by such officer except that "the court clerk shall transfer such sums as are held by him into the court fund." Spiers v. Magnolia Petroleum Co., 206 Okl. 510,144 P.2d 852, stated that all parts of a statute are given their obvious meaning, and no parts stricken down unless the conflict is irreconcilable. Application of Oklahoma Turnpike Authority, 206 Okl. 617,246 P.2d 327, holds that if there is a conflict between portions of a statute, the last in order of arrangement would prevail. Since the above accounting fee may not be charged until after five years, and after only two years the later section of the statute provides that costs and fees are to be transferred into the court fund, it appears that the opportunity cannot arise for the accounting fee ever to be charged. Under the authority of the above cases these "conflicting" provisions cannot be reconciled, and the latter provision must be given effect over the former. It should also be noted that under 60 O.S. 657 [60-657] (1967), property is not abandoned until three years have passed. This act was passed prior to the said 28 O.S. 31 [28-31] and 28 O.S. 106 [28-106] (1967), and thus does not control here under the authority of the Oklahoma Turnpike case, supra. Therefore, your fifth question is answered in the negative in that the court clerk does not pay any balance in cost deposits to the Tax Commission at the end of the three years since at the end of two years he transfers such costs into the court fund in accordance with 28 O.S. 106 [28-106] (1967). Opinion No. 67-377 is hereby withdrawn and this opinion substituted therefore. (W. J. Monroe)